UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| **MICHAEL BARACK**,<br>      Plaintiff,<br><br>v<br><br>**TITAN SOLAR POWER, US SOLAR PROFESSIONALS, LLC, and POWER OF OUR SUN, LLC,**<br>      Defendants. | **C. A. No.:**<br><br>**Complaint and Demand for Jury Trial** |

## COMPLAINT

Michael Barack (Plaintiff), by and through his attorneys, Kimmel & Silverman, P.C., alleges the following against Titan Solar Power, US Solar Professionals, LLC, and Power of Our Sun, LLC (Defendants):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 and §302.101 of the Texas Business and Commercial Code.

### JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

3. This Court has personal jurisdiction over Defendants who conduct business in the State of Texas.

4. Venue is proper under 28 U.S.C. § 1391(b)(2).

1

## PARTIES

5. Plaintiff is a natural person residing in Grapevine, Texas 76051.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant Titan Solar Power ("Titan"), is a business entity with a principal place of business and mailing address at 525 W. Baseline Road, Mesa AZ 85210.

8. Defendant US Solar Professionals, LLC ("US Solar"), is a business entity with principal place of business and mailing address at 4665 S. Ash Avenue, #G4, Tempe AZ 85282.

9. Defendant Power of Our Sun, LLC ("Sun") is a business entity with principal place of business and mailing address at 1930 S. Alma School Road, #B110, Mesa AZ 85210.

10. Defendants are "persons" as that term is defined by 47 U.S.C. § 153(39).

11. Defendants acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

12. Defendants all provide services to consumers for solar panels.

13. To generate business through sales, Defendants rely on telemarketing services conducted by third parties.

14. One of Defendants strategies for telemarketing involves the use of an automatic telephone dialing system ("ATDS") to solicit business by third parties.

15. Defendants also utilize pre-recorded messages in their telemarketing to solicit business.

16. Beginning in or around March 2020, Defendants began calling Plaintiff on his cellular phone, 817-657-XXXX, attempting to sell Plaintiff solar panels.

17. Plaintiff never sought information about solar panels and did not consent to the calls from Defendants.

18. These calls were not made for "emergency purposes," but rather for telemarketing purposes.

19. Plaintiff's cellular telephone number, 817-657-XXXX has been on the Do Not Call Registry since 2009.

20. Despite registration on the Do Not Call Registry, Defendants placed multiple calls to Plaintiff's cellular telephone.

21. On each occasion, Plaintiff answered the call and heard either a lengthy pause or delay and/or a pre-recorded voice before anyone came on the line, indicating to Plaintiff that the call was made using an ATDS.

22. When Plaintiff spoke with a live individual, he was solicited for solar panels.

23. Individuals who held themselves out as callers for Defendants and/or calling on behalf of Defendants include individuals who identified themselves as "Kevin", "Mike Mitchell" and "Jaime Villarreal."

24. Upon information and belief, Defendant Titan authorized Defendants US Solar and Sun to solicit and generate prospective customers, and enter into contracts on its behalf with those prospective customers.

25. The actions described herein were in violation of the TCPA and Texas Business and Commercial Code.

## COUNT I
## DEFENDANTS VIOLATED THE TCPA 47 U.S.C. § 227(B)

26. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

27. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

28. Defendants initiated multiple telephone calls to Plaintiff's cellular telephone number using an automatic telephone dialing system.

29. Defendants' calls were not made for "emergency purposes."

30. Defendants calls to Plaintiff's cellular telephone were without any prior express consent.

31. Defendants contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since 2009.

32. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

33. The acts and/or omissions of Defendants were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

34. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## COUNT II
## DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(C)

35. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

36. The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered his or his telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

37. Defendants contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since 2009.

38. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

39. The acts and/or omissions of Defendants were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

40. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## COUNT III
## DEFENDANT VIOLATED § 302.101 OF
## THE TEXAS BUSINESS AND COMMERICAL CODE

45. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

46. § 302.101 of the Texas Business & Commerce Code prohibits sellers from engaging in telephone solicitation from a location in this state or to a purchaser located in this state unless the seller obtains a registration certificate from the Office of the Secretary of State for the business location from which the solicitation is made.

47. Defendants violated § 302.101 of the Texas Business & Commercial Code when its representatives engaged in continuous and repetitive telephone solicitation of Plaintiff without obtaining a registration certificate from the Office of the Secretary of State.

48. § 302.302(a) of the Texas Business & Commerce Code provides that a person who violates this chapter is subject to a civil penalty of no more than $5,000 for each violation. Furthermore, §302.302(d) provides that the party bringing the action is also entitled to recover all reasonable cost of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney fees.

WHEREFORE, Plaintiff, Michael Barack, respectfully prays for judgment as follows:

 a. All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A)) and 15 U.S.C.A. § 6104(a) for damages under 16 C.F.R. § 310.4(b)(1)(iii)(B) ;

 b. Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

 c. Additional statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

 d. Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

  e.  Additional treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

  f.  All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3) and Tex. Fin. Code § 392.403(b);

  g.  Injunctive relief (as provided under 47 U.S.C. § 227(b)(3) and (c); and

  h.  Any other relief this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, Michael Barack, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

*By: /s/ Amy L. B. Ginsburg*
Amy L. B. Ginsburg, Esquire
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
teamkimmel@creditlaw.com

Dated: 09/16/2020